J. COLES HEGEMAN, Appellant, v. THE WOODLAWN CEMETERY, Respondent, Impleaded with GEORGE W. ROGERS and Others, Defendants.

First Department, March 4, 1927.

Cemeteries — revocation of interment permit — original owner of lot with mausoleum thereon executed and acknowledged instrument under seal declaring that remains of certain named persons " shall be interred in the mausoleum erected on said lot " and authorized defendant to effectuate said declaration — document also contained clause " I hereby by this instrument bind myself and my heirs "— lot descended to plaintiff and he has attempted to revoke declaration — said lot was not " held in the inalienable form " under Membership Corporations Law, § 69-a (now § 86) and right of revocation therein contained does not apply — document executed by grandfather constituted declaration of trust not revocable by plaintiff.

The plaintiff's grandfather, who was the owner of a lot in defendant's cemetery and a mausoleum thereon, acknowledged an instrument under seal declaring that the remains of certain named persons " shall be interred in the mausoleum erected on said lot " and authorizing the defendant to effectuate the declaration. The instrument also contained a clause reading, " I hereby by this instrument bind myself and my heirs." Some of the designees had paid large sums of money for the purpose of maintaining the mausoleum. The lot has descended through plaintiff's father to the plaintiff who has attempted to revoke the declaration of his grandfather and is now seeking a judgment declaring the validity of that revocation and enjoining the defendant from acting in contravention thereof.

The plaintiff's contention is that section 69-a of the Membership Corporations Law (now section 86) relating to " lots held in the inalienable form " contained a provision authorizing him to revoke the designations. This contention cannot be sustained for the lot in question is not subject to that section of the Membership Corporations Law. The right given by section 69-a refers only to lots held in the inalienable form and not to inalienable lots.

Furthermore, the instrument executed by the plaintiff's grandfather is a declaration of trust which has been acted on and accepted by some of the designees and is not revocable by the plaintiff.

APPEAL by the plaintiff, J. Coles Hegeman, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 22d day of April, 1926, granting the motion of the defendant The Woodlawn Cemetery for judgment dismissing the complaint.

*I. B. Halpern* of counsel [*Trowbridge & Fox*, attorneys], for the appellant.

*Schuyler M. Meyer* of counsel [*Gove B. Harrington* with him on the brief; *Fraser, Speir & Meyer*, attorneys], for the respondent.

PROSKAUER, J. In 1917 John R. Hegeman, being the owner for burial purposes of a lot and mausoleum thereon in Woodlawn

Cemetery, executed and delivered an instrument, acknowledged and under seal, declaring that the remains of certain named persons " shall be interred in the mausoleum erected on said lot " and authorizing the Woodlawn Cemetery to effectuate this declaration. The document also contained a clause reading: " I hereby by this instrument bind myself and my heirs." During his lifetime interments of some of the designated persons were made. On his death the lot descended to his son John R. Hegeman and upon this son's death to the present plaintiff, a grandson of the original owner. Meanwhile a substantial sum of money had been given by some of the original designees to the Woodlawn Cemetery in trust for the upkeep of the mausoleum. In 1924 the plaintiff executed an instrument, acknowledged and under seal, purporting to revoke the designations made by his grandfather with respect to certain of the designees who were not of the Hegeman blood, but were chiefly brothers, sisters, brothers-in-law and sisters-in-law of the wife of the first John R. Hegeman. The cemetery corporation refused to recognize this attempted revocation. In this action the plaintiff seeks a judgment declaring the validity of his attempted revocation and enjoining the Woodlawn Cemetery from acting in contravention thereof.

During all the period between the execution of the original declaration by John R. Hegeman and the commencement of this action in February, 1926, the statutory provisions affecting this situation were contained in sections 69 and 69-a of the Membership Corporations Law, as then numbered. By section 69 a lot became inalienable after burial therein. Section 69-a is entitled: " Lots held in inalienable form." It enacts that a lot " may be so conveyed that upon such conveyance thereof, or after there shall have been an interment therein, such lot or lots shall be forever thereafter inalienable." It authorizes the cemetery corporation to convey or receive a conveyance of a lot in this inalienable form " with authority to restrict interments therein to such person or persons or class of persons as may for that purpose be designated or prescribed in the conveyance or devise under which the said lot or lots shall be so taken and held." The sentence thereof chiefly relied on by the plaintiff reads: " The owners or proprietors of any lot or lots held in the inalienable form may at any time by an instrument in writing or by last will and testament revoke the designation of the person or persons or any of them, or class or classes of persons in whose favor interments in any lot or lots have been restricted." Plaintiff's claim is that the words " owners or proprietors " in this sentence include not only the original owner or proprietor, but any subsequent owner or

proprietor, that he acquires thereby an absolute right to nullify the expressed intentions of his ancestor, and that the sentence applies to a lot made inalienable under section 69 by interment. By its very terms, however, the sentence is restricted in application not to inalienable lots, but to lots " held in the inalienable form " in accordance with the title of section 69-a. The section refers to lots so conveyed that upon such conveyance thereof, or after there shall have been an interment therein, such lot shall be forever thereafter inalienable. Its fair purport affects only lots which have been conveyed in the manner described. This construction is supported by the amendment of the section made by the Laws of 1926, chapter 722, which now constitutes section 86 of the Membership Corporations Law. The Legislature has substituted for the words " The owners or proprietors of any lot or lots held in the inalienable form " the words " The owner of any inalienable lot." Implicit in this amendment is a recognition that the crucial sentence of section 69-a referred not to " inalienable lots," but merely to lots " held in the inalienable form " authorized by section 69-a.

Even if the crucial sentence in section 69-a, however, was held to refer to all inalienable lots, the power which it gives to the owner or owners is merely to revoke a " designation " of persons to be interred. It does not purport to confer upon an owner, either original or subsequent, any right to abrogate a legal right as distinguished from a mere designation.

The instrument executed by John R. Hegeman is substantially more than a designation or revocable license as claimed by the plaintiff. His obvious intent was to accomplish a permanent dedication of burial rights in the plot. While the instrument contains no words of grant upon which an easement could be predicated, it does contain all the essentials of a declaration of trust not revocable by a descendant. It declares that the remains of named persons shall be interred in the lot: it authorizes the cemetery corporation to open the catacombs for such interment; by fair implication it constitutes a trust for the purposes of the declaration; the provision that the instrument binds " myself and my heirs " indicates a definite purpose to make permanently effective the execution of the desired object; it was acknowledged, sealed and delivered with the formality of a declaration of trust; it was followed by a payment of $5,000 by John R. Hegeman to the cemetery for the maintenance of the mausoleum and thereafter by a further payment of $1,000 from one of the persons interred therein and $4,000 from George W. Rogers, who is still alive and is one of the designees of John R. Hegeman, to the cemetery corporation in trust for the further maintenance of the mausoleum.

The title to the lot acquired by J. Coles Hegeman through descent, therefore, was affected by a valid declaration of trust, irrevocable by him.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.

